UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH P. FANTUZZO                                                 PLAINTIFF

v.                                         CIVIL ACTION NO. 3:13CV-P409-H

LADONNA THOMPSON *et al.*                                   DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions for appointment of counsel by Plaintiff Joseph P. Fantuzzo (DNs 4 and 10). Plaintiff filed a duplicate copy of his complaint and motion for appointment of counsel. The duplicate copy of the complaint was opened as a separate civil action, No. 3:13CV-P419-R. Upon review of both complaints, the second-filed action was closed, and the documents filed in that case were docketed in the instant action. Therefore, the two motions are identical.

As grounds for the motions, Plaintiff states that he is unable to afford counsel; he has no legal training; the issues are complex and will require research and depositions; he has no access to a law library; and he needs counsel for trial.

Plaintiff is not entitled to the appointment of counsel on these grounds. Appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

*United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage. Further, based on a review of the documents filed by Plaintiff thus far, it appears that he is familiar with the workings of the legal system, logical in his arguments, and therefore able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly,

**IT IS ORDERED** that Plaintiff's motions for appointment of counsel (DNs 4 and 10) are **DENIED**.

In addition, there was a duplicate copy of Plaintiff's application to proceed without prepayment of fees (DN 8) filed in this action. As Plaintiff has already been granted *pauper* status, **IT IS ORDERED** that the motion (DN 8) is **DENIED as moot**.

Date:

cc: Plaintiff, *pro se*
4412.010