UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH P. FANTUZZO                                                                           PLAINTIFF

v.                                                CIVIL ACTION NO. 3:13CV-P409-H

LADONNA THOMPSON *et al.*                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Joseph P. Fantuzzo, a released prisoner, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915(e).[1] For the reasons stated below, the Court will allow Plaintiff's failure-to-protect claims to proceed and dismiss the remaining claims.

      At the outset, the Court notes that the docket sheet list two complaints (DNs 1 and 7). Plaintiff apparently sent in a second copy of his complaint, and the Clerk of Court opened a separate civil action, No. 3:13CV-P419-R. Upon review of both complaints, the Honorable Senior Judge Thomas B. Russell entered an Order dismissing the second-filed action as duplicative of this action. For the purposes of initial review, the Court considers DN 7 to be a duplicate copy of DN 1.

**I.**

      Plaintiff's allegations concern his previous incarceration as a convicted inmate at the Kentucky State Reformatory (KSR). He sues the following Defendants: LaDonna Thompson, Kentucky Department of Corrections (KDOC) Commissioner; Cookie Crews, whom he

---

[1]Because Plaintiff was released from incarceration before the Court conducted initial review, the Court will review the action under § 1915(e), rather than § 1915A, which applies to "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a). However, the outcome is the same under either standard.

identifies as the KSR Warden; Daniel Grubb, a prisoner at KSR; Stephanie Roby and Tanya Young, psychologists at KSR; William Palmer and Travis St. Clair, Unit Administrators at KSR; Mary Durrett, a case worker at KSR; and John Doe, an officer at KSR. Plaintiff sues each Defendant in both his or her individual and official capacities.[2]

Plaintiff states that in December 2011 non-Defendant Aarron Perkinson asked him to be his "Clerk for the dorm." Plaintiff performed a number of tasks as Clerk, including sanitation duties, unit requisition, filling out work assignments, keeping up with inmate job changes, and payroll sign in and out sheets. Plaintiff avers that he "was taking initiative in his rehabilitation" and allowing Perkinson more time to focus on security. Plaintiff contends that this "is when immediate 'heat' was placed" on him "for even working for the officers." Plaintiff reports that other inmates told him that "there were 'hits' out on him." He states that he became so stressed and worried about these threats that he lost 55 pounds over a five-month period. On February 24, 2012, he addressed his concerns with a non-Defendant nurse, who referred him to "'Psych.'"

On February 29, 2012, Plaintiff reports that he took part in a conference call with his appointed post-conviction counsel in the office of Defendant Durrett. Plaintiff made his counsel "aware of the 'threats' he was under and the institutions inability to care or do anything about it." He states that Defendant Durrett sat in during the call. Plaintiff avers that after ten to fifteen minutes of advising his counsel of the threats against him, Defendant Durrett signaled to Plaintiff

---

[2]Plaintiff states in the caption that he is suing each Defendant in his or her individual capacity, but he states in the body of the complaint that he is suing each Defendant in his or her individual and official capacities. The Court will construe the complaint as suing Defendants in both capacities.

to end the phone call and that his time was up and that she eventually "talked Plaintiff into terminating the call."

Plaintiff further reports that on March 2, 2012, he met with Defendant psychologist Roby. He states, "On this date the pressure was building and nobody was listening." He informed Defendant Roby of the issues of the death threats and that he was concerned he was being ignored. He avers that Defendant Roby told him "that he was a 'very interesting person' and referred him to another doctor. No protective custody was offered or signed by Plaintiff at that time or prior."

Plaintiff states that on April 23, 2012, he had been put in segregation because of a fight on April 19, 2012. He sent a letter to Defendant Palmer advising him that "the 'threats' were coming to fruition and that the 'guys' in seg were really giving the plaintiff 'heat' and calling him a 'rat' and "Perkinson's boy.'" Plaintiff also avers that on April 30, 2012, he sent correspondence to Defendants Palmer and St. Clair stating that he "felt the 'threats' becoming real and pointed out particular individuals" but he received no response to either letter. He also states that on May 1, 2012, he sent correspondence to Defendant Roby, "trying to enlist 'someone's' help" and that he received no response.

Plaintiff states that on May 4, 2012, he came out of his cell for recreation. He avers that the segregation walk has two sides and the walk is very narrow. He contends that "[f]or security purposes it is policy and normal practice for the officer on duty to only open up one side of the seg walk at a time per hour for recreation." He states, "However, this day both sides were conveniently left opened and Plaintiff was assaulted from behind and beaten on the ground from

behind by an inmate who gave him the most trouble, Daniel Grubb. Grubb additionally attempted to choke Plaintiff out after he had suffered serious laceration and blood loss."

Plaintiff reports that he was taken to the segregation nurse where he met non-Defendant Lt. Sutherland and Defendant St. Clair. He states, "Their main focus was catching who did this, asking Plaintiff to help them out. Plaintiff reminded them, 'They already think I am a rat, if you all go right up and get someone they will know.' 'Use your electric eyes!'" That day he received seven staples in the back of his head. Plaintiff avers that he was released from segregation on May 8, 2012, "with no disciplinary action in the aforementioned situation."

On May 10, 2012, Plaintiff states that he "was offered and signed his first and only protective custody refusal form." He avers that on May 14, 2012, the inmate who assaulted him was released from segregation and "placed back out onto the compound without offering Plaintiff a 'conflict.'" He states that since 2012 Defendant Grubb has been transferred to another facility and that the "video footage could have possibly been destroyed." Plaintiff further states that the "officer who worked Seg 4 on May 4, 2012[,]" who the Court construes to be Defendant Doe, "may no longer work for Kentucky State Reformatory or the Department of Corrections." He states that Defendants Palmer and St. Clair "claim to have not gotten 'parts' of the letters I sent them, but however other parts were scanned to 'internal affairs.'"

Plaintiff contends that Defendants Roby, Young, Palmer, St. Clair, and Durrett violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious harm and were deliberately indifferent to his need for safety. He states that Defendants Thompson and Crews violated his Eighth Amendment rights "because they are legally responsible for the welfare of each inmate." Plaintiff states that Defendants Doe and Grubb violated his Eighth

Amendment rights by "eventually following through with 'threat' and causing serious physical injury." As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

**A.     Defendant Grubb**

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Defendant Grubb, another inmate at KSR, violated the Eighth Amendment by causing him serious physical injury. However, Defendant Grubb is a private

6

citizen. He was not employed by the state. Only when private citizens act in concert or conspiracy with government officials may they be subjected to liability under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In order to state a claim based on the existence of a conspiracy under § 1983, a plaintiff must plead "with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has not offered any factual support upon which a conspiracy between Defendant Grubb and any KSR employee could be based. Therefore, Plaintiff's § 1983 claim against Defendant Grubb will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Official-capacity claims for monetary damages**

Plaintiff sues all other Defendants in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all Defendants, except for Defendant Grubb, are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

**C.     Injunctive relief**

Plaintiff states in his complaint that he seeks injunctive relief but does not specify what form of injunctive relief he seeks. Based on the allegations, the Court presumes that Plaintiff's injunctive-relief claim would pertain to his desire to be protected from other inmates. However, Plaintiff has since been released from incarceration. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Therefore, Plaintiff fails to state a claim for injunctive relief, and his claims against all Defendants for injunctive relief will be dismissed.

**D.     Supervisor liability**

The only factual allegations against Defendants Thompson, Crews, and Young concern their supervisory roles. Plaintiff alleges that Defendant Thompson is the Commissioner of the KDOC; that Defendant Crews is the "Superintendent/Warden" of KSR; and that Defendant Young is "the supervisor in chief and oversees all aspects of mental health." While he alleges that these Defendants, along with the other Defendants, violated his Eighth Amendment rights and were legally responsible for his safety, these are legal conclusions which the Court is not required to accept. *See Tackett*, 561 F.3d at 488.

Therefore, Plaintiff seeks to hold Defendants Thompson, Crews, and Young liable based on their roles as supervisors. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to allege facts which demonstrate that Defendants Thompson, Crews, or Young "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays*, 668 F.2d at 872-74). He makes no allegation of their role in the alleged unconstitutional conduct. Accordingly, the individual-capacity claims under § 1983 against Defendants Thompson, Crews, and Young will be dismissed for failure to state a claim upon which relief may be granted.

### E. Failure to protect

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). Construing the complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), the Court will allow Plaintiff's failure-to-protect claims to proceed against Defendants Roby, Palmer, St. Clair, Durrett, and Doe in their individual capacities.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claim against Defendant Grubb; his claims for injunctive relief; and his individual-capacity claims against Defendants Thompson, Crews, and Young are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against all Defendants for monetary damages are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate** Defendants Grubb, Thompson, Crews, and Young as parties to this action.

The Court will enter a separate Order governing the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.010